U.S. DISTRICT COURT
FILED AT WHEELING, WV

JUN 28 2010

NORTHERN DISTRICT OF WV
OFFICE OF THE CLERK

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
WHEELING DIVISION**

ROBIN FABIAN and                      )
JAMES FABIAN,                         )
                                      )
        Plaintiffs,                   )
                                      )  CIVIL ACTION FILE
v.                                    )
                                      )  NO. _5:10-cv-70_____
C. R. BARD, INC. and                  )
COVIDIEN INC. d/b/a SOFRADIM          )
PRODUCTION,                           )
                                      )
        Defendants.                   )
_____ )

**COMPLAINT**

COME NOW Robin Fabian and James Fabian as Plaintiffs herein
and hereby file their Complaint, showing the Court as follows:

PARTIES, JURISDICTION AND VENUE

1.

Plaintiffs are citizens of the State of Ohio.

2.

Defendant C. R. Bard, Inc. ("Bard") is a New Jersey
corporation with its principal place of business at 730 Central
Avenue, Murray Hill, New Jersey 07974. All acts and omissions
of Bard as described herein were done by its agents, servants,
employees and/or owners, acting in the course and scope of their
respective agencies, services, employments and/or ownership.

3.

Defendant Covidien Inc. d/b/a Sofradim Production ("Covidien") is a Delaware corporation with its principal place of business at 15 Hampshire Street, Mansfield, Massachusetts 02048. All acts and omissions of Covidien as described herein were done by its agents, servants, employees and/or owners, acting in the course and scope of their respective agencies, services, employments and/or ownership.

4.

This civil action arises out of surgery performed by Kara O'Karma, D.O., at Weirton Medical Center in Weirton, West Virginia, during which a medical device designed, manufactured, marketed, packaged, labeled and sold by Bard and/or Covidien was implanted in Plaintiff.

5.

Plaintiffs are seeking damages in excess of $75,000.00. Subject matter jurisdiction is proper pursuant to 28 U.S.C. § 1332.

6.

Bard and/or Covidien have significant contacts with the Northern District of West Virginia such that they are subject to personal jurisdiction within said district.

7.

A substantial part of the events and omissions giving rise

to Plaintiffs' causes of action occurred in the Northern District of West Virginia.

8.

Pursuant to 28 U.S.C. § 1391(a), venue is proper in the Northern District of West Virginia.

FACTUAL BACKGROUND

9.

At all times relevant herein, Bard was engaged in the business of designing, manufacturing, marketing, packaging, labeling, and selling medical devices, including its Avaulta Anterior and Posterior BioSynthetic Support Systems, specifically placing said products into the stream of commerce.

10.

At all times relevant herein, Covidien was engaged in the business of designing, manufacturing, marketing, packaging, labeling, and selling medical devices, including its Ugytex polypropylene mesh, a component of the Avaulta BioSynthetic Support Systems (Ugytex and the Avaulta Anterior and Posterior BioSynthetic Support Systems are hereinafter collectively referred to as the "Products"), specifically placing said product into the stream of commerce.

11.

Dr. O'Karma implanted the Products in Plaintiff Robin

3

Fabian during surgeries at Weirton Medical Center in Weirton, West Virginia.

12.

Dr. O'Karma implanted the Products in Plaintiff Robin Fabian to treat her pelvic organ prolapse, the use for which Bard and/or Covidien (sometimes collectively referred to herein as "Defendants") marketed the Products.

13.

As a result of having the Products implanted in her, Plaintiff Robin Fabian has experienced significant mental and physical pain and suffering, has sustained permanent injury, permanent and substantial physical deformity, and loss of a bodily organ system, has undergone or will undergo corrective surgery or surgeries, and has endured impaired physical relations with her husband, Plaintiff James Fabian.

COUNT I: NEGLIGENCE

14.

Plaintiffs incorporate by reference paragraphs 1-13 of the Complaint as if fully set forth herein.

15.

Bard and/or Covidien had a duty to individuals, including Plaintiff, to use reasonable care in designing, manufacturing, marketing, labeling, packaging and selling the Products.

4

16.

Bard and/or Covidien was negligent in failing to use reasonable care in designing, manufacturing, marketing, labeling, packaging and selling the Products.

17.

As a direct and proximate result of Bard and/or Covidien's negligence, Plaintiff was caused and/or in the future will be caused to suffer severe personal injuries, pain and suffering, severe emotional distress, financial or economic loss, including but not limited to obligations for medical services and expenses, present and future lost wages, and other damages.

## COUNT II: STRICT LIABILITY – DESIGN DEFECT

18.

Plaintiffs incorporate by reference paragraphs 1-13 of the Complaint as if fully set forth herein.

19.

The Products implanted in Plaintiff Robin Fabian were not reasonably safe for their intended use and were defective as a matter of law with respect to their design.

20.

As a direct and proximate result of the Products' aforementioned defects, Plaintiff Robin Fabian was caused and/or in the future will be caused to suffer severe personal injuries, pain and suffering, severe emotional distress, financial or

economic loss, including but not limited to obligations for medical services and expenses, present and future lost wages, and other damages.

21.

Bard and/or Covidien is strictly liable to Plaintiff for designing, manufacturing, marketing, labeling, packaging and selling a defective product.

COUNT III: STRICT LIABILITY - MANUFACTURING DEFECT

22.

Plaintiffs incorporate by reference paragraphs 1-13 of the Complaint as if fully set forth herein.

23.

The Products implanted in Plaintiff Robin Fabian were not reasonably safe for their intended use and were defective as a matter of law with respect to their manufacture.

24.

As a direct and proximate result of the Products' aforementioned defects, Plaintiff Robin Fabian was caused and/or in the future will be caused to suffer severe personal injuries, pain and suffering, severe emotional distress, financial or economic loss, including but not limited to obligations for medical services and expenses, present and future lost wages, and other damages.

25.

Bard and/or Covidien is strictly liable to Plaintiff for designing, manufacturing, marketing, labeling, packaging and selling a defective product.

COUNT IV: STRICT LIABILITY - FAILURE TO WARN

26.

Plaintiffs incorporate by reference paragraphs 1-13 of the Complaint as if fully set forth herein.

27.

The Products implanted in Plaintiff Robin Fabian were not reasonably safe for their intended use and were defective as a matter of law due to their lack of appropriate and necessary warnings.

28.

As a direct and proximate result of the Products' aforementioned defects, Plaintiff Robin Fabian was caused and/or in the future will be caused to suffer severe personal injuries, pain and suffering, severe emotional distress, financial or economic loss, including but not limited to obligations for medical services and expenses, present and future lost wages, and other damages.

29.

Bard and/or Covidien is strictly liable to Plaintiff Robin

Fabian for designing, manufacturing, marketing, labeling, packaging and selling a defective product.

COUNT V: BREACH OF EXPRESS WARRANTY

30.

Plaintiffs incorporate by reference paragraphs 1-13 of this Complaint as if fully set forth herein.

31.

Bard and/or Covidien made assurances to the general public, hospitals and health care professionals that the Products were safe and reasonably fit for their intended purpose.

32.

Plaintiff Robin Fabian and/or her health care providers chose the Products based upon Bard and/or Covidien's warranties and representations regarding the safety and fitness of the Products.

33.

Plaintiff, individually and/or by and through her physician, reasonably relied upon Bard and/or Covidien's express warranties and guarantees that the Products were safe, merchantable, and reasonably fit for their intended purpose.

34.

Bard and/or Covidien breached these express warranties because the Products implanted in Plaintiff were unreasonably

8

dangerous and defective and not as Bard and/or Covidien had represented.

35.

Bard and/or Covidien's breach of its express warranties resulted in the implantation of unreasonably dangerous and defective products in Plaintiff Robin Fabian's body, placing Plaintiff's health and safety in jeopardy.

36.

As a direct and proximate result of Bard and/or Covidien's breaches of the aforementioned express warranties, Plaintiff was caused and/or in the future will be caused to suffer severe personal injuries, pain and suffering, severe emotional distress, financial or economic loss, including but not limited to obligations for medical services and expenses, present and future lost wages, and other damages.

COUNT VI: BREACH OF IMPLIED WARRANTY

37.

Plaintiffs incorporate by reference paragraphs 1-13 of this Complaint as if fully set forth herein.

38.

Bard and/or Covidien impliedly warranted that the Products were merchantable and were fit for the ordinary purposes for which they were intended.

9

39.

When the Products were implanted in Plaintiff Robin Fabian to treat her pelvic organ prolapse, they were being used for the ordinary purposes for which they were intended.

40.

Plaintiff, individually and/or by and through her physician, relied upon Bard and/or Covidien's implied warranty of merchantability in consenting to have the Products implanted in her.

41.

Bard and/or Covidien breached these implied warranties of merchantability because the Products implanted in Plaintiff were neither merchantable nor suited for the intended uses as warranted.

42.

Bard and/or Covidien's breach of their implied warranties resulted in the implantation of unreasonably dangerous and defective products in Plaintiff's body, placing Plaintiff's health and safety in jeopardy.

43.

As a direct and proximate result of Bard and/or Covidien's breaches of the aforementioned implied warranties, Plaintiff was caused and/or in the future will be caused to suffer severe personal injuries, pain and suffering, severe emotional

10

distress, financial or economic loss, including but not limited to obligations for medical services and expenses, present and future lost wages, and other damages.

### COUNT VII: LOSS OF CONSORTIUM

44.

Plaintiffs incorporate by reference paragraphs 1-13 of this Complaint as if fully set forth herein.

45.

As a direct and proximate result of the above-described injuries sustained by Plaintiff Robin Fabian, her husband, Plaintiff James Fabian has suffered a loss of his wife's consortium, companionship, society, affection, services and support.

### COUNT VIII: PUNITIVE DAMAGES

46.

Plaintiffs incorporate by reference paragraphs 1-45 of this Complaint as if fully set forth herein.

47.

Defendants knew or should have known that the Products were defective and presented unreasonable risks of harm to Plaintiff.

48.

Bard and/or Covidien's conduct in designing, manufacturing, marketing, labeling, packaging and selling the unreasonably safe and defective Products amounted to willful, wanton, and/or

11

reckless conduct and/or criminal indifference to civil obligations affecting the rights of others.

49.

Plaintiffs are therefore entitled to an award of punitive damages.

## AD DAMNUM

As a proximate cause of the negligent, reckless, criminal and/or intentional conduct of Defendants, Plaintiffs sustained personal injuries and damages thereby justifying an award of general damages, special damages and punitive damages as may be afforded under the law.

WHEREFORE, Plaintiffs demand trial by jury, judgment against Defendants, jointly and severally, for compensatory and punitive damages in an amount exceeding $75,000, as well as costs, attorney fees, interest, or any other relief, monetary or equitable, to which they are entitled.

ROBIN FABIAN and
JAMES FABIAN,
By Counsel,

Wray V. Voegelin, by TFC
Wray V. Voegelin
W. Va. Bar No. 3879
CASSIDY, MYERS,
COGAN & VOEGELIN, L.C.
The First State Capitol
1413 Eoff Street
Wheeling, West Virginia 26003-3582
304-232-8200
*Co-counsel for Plaintiffs*

12

-and-

Gary B. Blasingame
Georgia Bar No. 062900
*Pro Hac Vice Forthcoming*
Henry G. Garrard, III
Georgia Bar No. 286300
*Pro Hac Vice Forthcoming*
BLASINGAME, BURCH, GARRARD & ASHLEY, P.C.
440 College Avenue
P.O. Box 832
Athens, Georgia 30603
706-354-4000
*Co-Counsel for Plaintiffs*

## JURY TRIAL DEMAND

Pursuant to the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury of all issues triable of right by jury at the time of the trial of the within action.



14